# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**CLARENCE ROOSEVELT GILLIE**                                            **PLAINTIFF**

**V.**                      **CIVIL ACTION NO.: 3:16CV64-MPM-SAA**

**CAPTAIN BROOKS**                                                                             **DEFENDANT**

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Clarence Roosevelt Gillie, proceeding *pro se* and *in forma pauperis*, filed a civil rights action under 42 U.S.C. § 1983 against Defendant Jimmy Brooks ("Brooks"), alleging that Brooks subjected him to excessive force while he was housed as an inmate at the Marshall County Correctional Facility in Holly Springs, Mississippi.[1] Defendant has moved for summary judgment under Federal Rule of Civil Procedure 56, asserting that he used the minimum amount of force necessary to restrain and transport Gillie, whom he alleges was actively refusing to comply with orders. Gillie has been afforded an opportunity to respond to Brooks' motion but has failed to do so. Having reviewed the submissions and arguments of the parties, as well as the applicable law, the Court finds that Defendant's motion should be granted, for the reasons that follow.

### Summary Judgment Standard

Summary judgment is proper only when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists and

---

[1] Additional claims and additional defendants were included in Gillie's complaint but were dismissed following a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). *See* doc. #13 (Report and Recommendation) and doc. #19 (Judgment adopting Report and Recommendation).

the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) & (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is deemed "material" if "its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (citation omitted). Once the motion is properly supported with competent evidence, the nonmovant must show that summary judgment is inappropriate. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Celotex*, 477 U.S. at 323. The nonmovant cannot rely upon "conclusory allegations, speculation, and unsubstantiated assertions" to satisfy his burden, but rather, must set forth specific facts showing the existence of a genuine issue as to every essential element of his claim. *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (citation omitted). If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," then there is a genuine dispute as to a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If no proof is presented, however, the Court does not assume that the nonmovant "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

**Plaintiff's Allegations**

On August 5, 2015, Gillie, who was housed in administrative segregation at the Marshall County Correctional Facility ("MCCF"), was notified that he was being moved to the Mississippi State Penitentiary at Parchman. Gillie was ordered to submit to restraints for purposes of the transfer and refused, stating that he would not voluntarily accept restraints until his legal work was brought to his cell so that he could take it with him. Gillie maintains that when he refused to submit to restraints, Captain Brooks picked him up and slammed him to the floor, breaking his dentures and causing injury to his jaw. Gillie claims that he had to have three teeth extracted on

2

August 19, 2015, as a result of the injuries he sustained during the incident with Brooks.

## Relevant Law

Gillie claims that Captain Brooks' actions violated his constitutional right to be free from excessive force. In determining whether a prison official's use of force violates the Eighth Amendment prohibition against excessive force, "the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citation omitted).

In assessing whether a defendant applied force with the intent to cause harm, a court may consider (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible official; and (5) any efforts made to temper the severity of the forceful response. *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999) (citations omitted). While a *de minimis* injury will not sustain an excessive force claim, "[w]hat constitutes an injury in an excessive force claim is . . . subjective — it is defined entirely by the context in which the injury arises." *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999). Accordingly, the focus in an excessive force case is on "the nature of the force rather than the extent of the injury." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010).

## Summary Judgment Evidence

At approximately 6:00 a.m. on August 5, 2015, Captain Brooks was summoned to Gillie's cell to assist with restraining Gillie so that he could be transported to another facility. Doc. #25-1 (Aff. of Jimmy Brooks). Upon arriving at Gillie's cell, Brooks was advised that Gillie was refusing orders to submit to hand restraints and exit his cell. *Id*.; *see also* #25-2

3

(Incident Detail). Based on Gillie's refusal to comply with orders, a use of force was planned to restrain and remove Gillie from the cell. *Id.* The planned use of force was recorded by camcorder video. Doc. #25-4 (video).

The videotape footage shows Captain Brooks standing outside of Gillie's cell door announcing to the camera that he would give Gillie orders to submit to restraints and exit the cell, and that if Gillie refused, officers would enter his cell and restrain him. Doc. #25-4. Brooks gave Gillie the two orders to exit his cell and submit to restraints, and Gillie refused each command. *See* docs. #25-1 through 25-4. Brooks and two other officers then entered Gillie's cell. *See id*. The videotape evidence does not show what transpired in Gillie's cell, as the footage is too dark to clearly see the officers' actions. *See* doc. #25-4. However, the videotape does show that less than one minute elapsed between the time Brooks stated that the officers were entering the cell and when Gillie left the cell in handcuffs. *Id*.

According to Brooks, upon entering Gillie's cell, he "wrapped [his] arms completely around [Gillie] and used [his] body weight to bring [Gillie] to the ground," where Gillie was restrained with handcuffs without further resistance. Doc. #25-1, ¶ 7. Brooks maintains that he used only the minimal necessary force to gain Gillie's compliance and denies striking Gillie in any way. *Id*., ¶ 10. He claims that Gillie was transported to MCCF's medical department to be evaluated per the protocol following a use of force, but that Gillie, who was not visibly injured or indicating injury, refused evaluation. *Id*., ¶ 10-¶ 11. Upon review of the use of force, Brooks' supervisors determined that his actions under the circumstances were appropriate. Doc. #25-3; *see also* doc. #1 at 7, 10.

The post-incident video evidence confirms Brooks' statements, as the footage shows Gillie refusing medical attention. *See* doc. #25-4. In this footage, Gillie never indicates that he is in pain or injured. *See* doc. #25-4.

## Discussion

There is a "wide-ranging deference" afforded to the judgment of prison administrators as to the polices and practices needed "to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). This deference is extended to both preventive security measures and those taken in response to actual confrontations. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986). The competent summary judgment in this case shows that prior to the use of force, Gillie was actively refusing to obey officers' orders. The evidence also demonstrates that reasonable force was applied in a good-faith effort to gain his compliance. Under these facts, there is no genuine issue of material fact that the force employed was constitutionally permissible. *See Williams v. Valenti*, 432 F. App'x 298, 302, 2011 WL 2650883 (5th Cir. July 7, 2011) (finding no rational trier of fact could find officer's use of force unnecessary where inmate was belligerent, refused orders, and resisted officer's attempts to restrain him); *Thomas v. Comstock*, 222 F. App'x 439, 440-42 (5th Cir. 2007) (inmate maced after he refused to submit to hand restraints was not subjected to excessive force); *Davis v. Cannon*, 91 F. App'x 327, 329 (5th Cir. Feb. 26, 2004) (holding officers did not use excessive force when they forcefully threw state prisoner on ground where their actions were part of good faith effort to maintain or restore discipline following prisoner's repeated refusal to obey officer's orders); *Baldwin v. Stalder*, 137 F.3d 836, 840-41 (5th Cir. 1998) (finding no excessive force where prison officials employ force against inmate refusing to comply with orders).

Accordingly, Defendant Brooks is entitled to summary judgment as a matter of law.

## Conclusion

For the reasons set forth above, Defendant's motion for summary judgment [25] is **GRANTED**, and the excessive force claim against Defendant Brooks is **DISMISSED** with prejudice. A separate final judgment will enter today.

**SO ORDERED** this the 31st day of October, 2016.

/s/ Michael P. Mills
**MICHAEL P. MILLS**
**U.S. DISTRICT JUDGE**